24-821-pr
*Feliciano v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-five.

Present:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

RUBEN FELICIANO,

> *Petitioner-Appellant*,

v.                                                      24-821-pr

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

---

| | |
|---|---|
| FOR PETITIONER-APPELLANT: | William Theodore Koch III, Koch, Garg & Brown, LLP, Niantic, CT. |
| FOR RESPONDENT-APPELLEE: | Robert S. Dearington, Conor M. Reardon, Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Ruben Feliciano killed a member of his gang in 1997. A jury found him guilty on three counts: (1) conspiring to commit Violent Crimes in Aid of Racketeering ("VICAR") murder, in violation of 18 U.S.C. § 1959(a)(5); (2) VICAR murder, in violation of 18 U.S.C. § 1959(a)(1) and 2; and (3) using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and 2. The district court sentenced him to ten years' imprisonment on Count One concurrent with a mandatory term of life imprisonment on Count Two, and five years' imprisonment on Count Three, consecutive to the other sentences. We affirmed Feliciano's convictions on direct appeal. *See United States v. Feliciano*, 223 F.3d 102 (2d Cir. 2000). In 2022, Feliciano moved under 28 U.S.C. § 2255 to vacate Count Three, arguing that the § 924(c) conviction lacked a predicate "crime of violence" after *United States v. Davis*, 588 U.S. 455 (2019). The district court denied the petition. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"Under the concurrent sentence doctrine, a court may decline to consider a challenge to a 'conviction for which an appellant's sentence runs concurrently with that for another, valid conviction.'" *Al-'Owhali v. United States*, 36 F.4th 461, 466 (2d Cir. 2022) (quoting *United States v. Vargas*, 615 F.2d 952, 956 (2d Cir. 1980)); *see Kassir v. United States*, 3 F.4th 556, 561-63 (2d Cir. 2021). It also applies "when the challenged conviction's sentence runs *consecutively*

2

to one or more unchallenged life sentences." *Al-'Owhali*, 36 F.4th at 463 (emphasis added). "We have discretion to apply the doctrine when . . . (1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Id.* at 467.

First, Feliciano's collateral attack on Count Three will not affect his term of imprisonment. The district court sentenced him to five years' imprisonment on that count, consecutive to his mandatory life sentence on Count Two. So "regardless of the outcome" of this appeal, Feliciano "will remain in jail for the same length of time." *Al-'Owhali*, 36 F.4th at 466 (quotation marks omitted) (applying the doctrine to a similar § 2255 challenge to a § 924(c) conviction for which the petitioner received a consecutive sentence that followed unchallenged life sentences).

Second, "there is no meaningful possibility that the unreviewed conviction will subject [Feliciano] to a substantial risk of adverse collateral consequences." *Al-'Owhali*, 36 F.4th at 468 (quotation marks omitted). This Court has identified five factors to evaluate "the collateral consequences of affirming the conviction on the basis of the [concurrent sentence] doctrine, and whether they are of sufficient immediacy and impact to warrant its inapplicability." *Vargas*, 615 F.2d at 959. "The *Vargas* factors examine the effect of an unreviewed conviction on the petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction." *Al-'Owhali*, 36 F.4th at 468 (quotation marks omitted). "The presence of any factor is sufficient to justify review." *Id.*

Feliciano's Count Three conviction triggers none of the *Vargas* factors. First, "our reservation of judgment cannot affect [Feliciano's] future eligibility for parole since there is no

3

parole in the federal system." *Kassir*, 3 F.4th at 568 (cleaned up). Second, "it is unlikely that [Feliciano] will be subject to a recidivist statute for a future offense, such that the unreviewed conviction could result in an increased sentence, because [Feliciano] is already in prison for life." *Al-'Owhali*, 36 F.4th at 468 (quotation marks omitted). Third, Feliciano's Count Three conviction is no more likely to hurt his credibility in future trials when he could similarly be impeached based on his convictions on the other counts or on the underlying conduct. Fourth, Feliciano's speculative prospect of receiving a presidential pardon would not rise or fall on his Count Three conviction. Finally, vacating Feliciano's § 924(c) conviction would do little to change the "societal stigma" associated with his crimes, "especially in comparison to the stigma already carried by his [unchallenged] conviction[s]" for murdering a teenager and conspiring to do the same. *Kassir*, 3 F.4th at 568.

Feliciano maintains that his unreviewed Count Three conviction will prejudice him. He says that his unchallenged mandatory life sentence is not "cast in stone" because the First Step Act "grants sentencing courts the authority to reduce an otherwise final term of imprisonment for extraordinary and compelling reasons." Appellant's Reply Br. at 4 (quotation marks omitted). But Feliciano offers no reason to think that his § 924(c) conviction would impede his eligibility for this extraordinary relief. Even if he could make that argument, Feliciano identifies no "extraordinary and compelling reasons warrant[ing] such a reduction" of his life sentence. 18 U.S.C. § 3582(c)(1)(A)(i). He says that he has undergone "extraordinary and compelling *rehabilitation*." Appellant's Reply Br. at 6 (emphasis in original). But "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason." *United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020) (quotation marks omitted).

4

Feliciano's speculative collateral-consequence arguments thus fail. *See Al-'Owhali*, 36 F.4th at 468 ("[T]he court must eliminate from the forward-looking analysis unrealistic speculation because if highly speculative adverse collateral consequences were to bar courts from applying the concurrent sentence doctrine, there would be nothing left to this useful rule." (cleaned up)).

In sum, Feliciano's challenge to his § 924(c) conviction offers him no reasonable prospect of a shorter time in prison because of his unchallenged mandatory life sentence for VICAR murder. And there is no meaningful possibility that the unreviewed conviction will expose him to adverse collateral consequences. Accordingly, we apply the concurrent sentence doctrine and "affirm the district court's judgment without prejudice to [Feliciano] renewing his *Davis* claim if and when he can bring a timely and colorable challenge to" his life sentence on Count Two. *Id.* at 469 (quotation marks omitted).

\* \* \*

We have considered the remainder of Feliciano's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court without prejudice to Feliciano renewing his *Davis* claim if and when he can bring a timely and colorable challenge to his life sentence on Count Two.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5